IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFF SWANSON,

       Plaintiff,

v.                                      **No. 1:20-cv-00496-KG-GJF**

COUY GRIFFIN,
Otero County Commissioner in his individual
capacity acting under the color of law, and
SYLVIA TILLBROOK, Otero County
Records Custodian,

       Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS AND FOR QUALIFIED IMMUNITY**

**ORAL ARGUMENT REQUESTED[1]**

NOW COME Defendants Couy Griffin and Sylvia Tillbroock, by and through undersigned

counsel, and hereby respectfully offer the following reply in support of their motion to dismiss and

for qualified immunity:

**INTRODUCTION**

Plaintiff's Response does not illustrate grounds to deny the motion. Plaintiff points out that

Defendants cited the wrong Facebook page in their motion (Defendants inadvertently cited the

Cowboys for Trump page instead of Defendant Griffin's Facebook page). However, Plaintiff

neglects to discuss or acknowledge that Defendants corrected that error the next day by filing a

notice of *errata* which explained the error, what caused it, and providing the new citation. *See*

Doc. 7, errata filed on May 29, 2020. When considering the proper Facebook page,

---

[1] Oral argument is requested to fully flush out the issues before the Court as this case has the potential to be the first
First Amendment viewpoint discrimination case regarding social media accounts in the Tenth Circuit.

https://www.facebook.com/couy.griffin[2], the briefing illustrates that Plaintiff has not pled the existence of a public forum vis-a-vie Defendant Griffin's Facebook page. In cases involving elected officials' social media accounts, the courts that have considered this question have illustrated that the first element or inquiry is whether the page constitutes a public forum.

Here, the Plaintiff has not met his burden of illustrating a public forum on Defendant Griffin's Facebook page. Therefore, the First Amendment claim, related to the contents of the page and Defendant Griffin's decision to block whomever he chooses, necessarily fails. Even if the Court found that Defendant Griffin's Facebook page was a public forum, there is no clearly established law in this Circuit illustrating that the allegations contained in the Complaint violate any civil right. As such, Defendant Griffin is also entitled to qualified immunity from suit.

Finally, because the Facebook page is not a public forum, it necessarily follows that the records contained therein are not public records under the New Mexico Inspection of Public Records Act. Accordingly, because the IPRA issue is absolutely controlled by this Court's decision regarding the lack of a public forum, this Court should exercise supplemental jurisdiction over the IPRA question and decide it as well. This is so because a remand order would only result in the Movants asking the state court to apply this Court's judgment with respect to the First Amendment claim to the IPRA claim.

I.      **PLAINTIFF'S RESPONSE DOES NOT ILLUSTRATE A PLAUSIBLE CLAIM THAT DEFENDANT GRIFFIN'S FACEBOOK PAGE IS A PUBLIC FORUM.**

Other than attempting to capitalize on Defendants' inadvertent reference to the "Cowboys for Trump" Facebook page, as opposed to Defendant Griffin's personal Facebook page, the Response is relatively empty regarding the existence of a public forum. More specifically, the

---

[2] Because the Plaintiff has referred to the page in his complaint and briefing, and because he has attached some portions of the page, the Court may review the page without converting this motion into a summary judgment motion. *See* FN 4, Doc. 6.

Plaintiff acknowledges the cases and the public forum test from the Motion, but fails to illustrate how he thinks the facts alleged in his Complaint meet those tests. It is curious that Plaintiff did not mention the notice of errata that was filed one-day after the motion correcting the erroneous citation.

Plaintiff then requests this court accept his conclusory allegation that Couy Griffin's Facebook page is somehow a public forum. *See* Response at 4-5. However, the Response offers no citation to actual facts contained in the Complaint that support that contention. Similarly, notwithstanding attaching documents to his complaint and his response, Plaintiff fails to direct the Court to any instance of Defendant Griffin conducting public business on the site. The failure to plead specific facts illustrating the indicia of a public forum combined with the failure to illustrate how any of the exhibits meet the public forum test doom the Complaint to dismissal for failure to state a claim. Note that many of the exhibits Plaintiff has included in his response should not be considered because they are not referred to in the Complaint and are not from Defendant Griffin's Facebook page. Because the Court can review the Facebook page itself and determine that there is no public business being conducted on the Page, the Court should dismiss Plaintiff's First Amendment claim with prejudice.

II.    **PLAINTIFF'S RESPONSE DOES NOT ILLUSTRATE CLEARLY ESTABLISHED LAW THAT WOULD HAVE PLACED DEFENDANT ON NOTICE THAT HIS FACEBOOK PAGE WAS A PUBLIC FORUM.**

Even if the Court took Plaintiff's limited conclusory allegations as sufficient to meet this Circuit's pleading requirements, the Plaintiff has failed to illustrate any clearly established law. In the Motion, the Defendants illustrated the proper qualified immunity test: to overcome qualified immunity, the Plaintiff needs to illustrate a Tenth Circuit case with analogous facts, a Supreme

Court case with analogous facts, or sufficiently analogous cases from a large majority of the other circuits.

In his Response, Plaintiff directs the Court to two cases, which he argues clearly establish the law: *Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695 (2006) and *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000). In *Worrell* the plaintiff brought a § 1983 action against the District Attorney for the Twentieth District of Oklahoma, an agent for Oklahoma Bureau of Narcotics and Dangerous Drugs (OBNDD), and the agent's supervisors, alleging that rescission of offer to employ him as coordinator of a drug task force was based on the fact that he had testified as an expert witness for a murder defendant and violated his right to free speech. *Worrell* did not involve social media, did not involve public forums, and did not involve individuals seeking access to the private accounts of public officials. Not only does *Worrell* not clearly establish the law for this case, *Worrell* does not seem on point at all. At most *Worrell* discussed the First Amendment; however, the discussion is in an entirely different context which has little to no bearing on the facts before this Court here. In short, *Worrell* does not illustrate any clearly established law regarding the elements of a First Amendment claim as it relates to the social media accounts of a public official in the Tenth Circuit.

Similarly, *Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695 (2006) does not establish the law in this area and does not appear to be germane to the issues before this Court. In *Hartman*, the plaintiff sued a federal prosecutor and postal service inspectors under the Federal Tort Claims Act alleging malicious prosecution and retaliatory prosecution. As with *Worrell*, *Hartman* did not consider public forums, social media accounts, or individuals seeking to access the private materials of public officials.

As this Court has recognized:

> Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. While the plaintiff need not locate a case directly on point, nevertheless existing precedent must have placed the statutory or constitutional question beyond debate.

*Carroll v. Bd. of County Commissioners of Rio Arriba County*, 2018 WL 522307, at \*4 (D.N.M. Jan. 22, 2018)(internal quotation and citation removed). It is inconceivable that *Worrell* or *Hartman* place this question beyond debate. As such, Defendant Griffin is also entitled to dismissal based on the lack of clearly established law in this area.

### III.    PLAINTIFF'S RESPONSE DOES NOT ILLUSTRATE HOW PERSONAL FACEBOOK PAGES ARE PUBLIC RECORDS SUBJECT TO PRODUCTION UNDER THE NEW MEXICO INSPECTION OF PUBLIC RECORDS ACT.

As with Plaintiff's other arguments, Plaintiff's argument regarding his IPRA claim is silent as to the Defendants' Notice of Errata, correcting the reference to the proper Facebook Page. Other than generically claiming that he has not received documents, Plaintiff offers the Court no explanation as to how Defendant Griffin's personal Facebook page is a public document for purposes of the New Mexico Inspection of Public Records Act.

As explained in the Motion, if the Court declares Defendant Griffin's personal Facebook Page is not a public forum, it necessarily follows that the materials posted or contained therein are not public records. As such, if the Court has found the lack of a plausible claim illustrating a public forum, the Court should continue by finding that the Facebook page is also not subject to the New Mexico Inspection of Public Records Act.

### CONCLUSION

The Plaintiff has failed to illustrate that Defendant Griffin's Facebook page is a public forum. That failure requires the Court to dismiss the claim for failure to state a plausible First

Amendment claim. Even if the Court held that some version of the facts could illustrate a public forum on Defendant Griffin's Facebook page, the Plaintiff has failed to direct the Court to law which clearly established any violation under the facts alleged in the Complaint. As such, Defendant Griffin is entitled to qualified immunity for two purely legal reasons: 1. The Plaintiff has failed to plead a plausible claim against him under the First Amendment. 2. The Plaintiff has failed to illustrate a violation of clearly established law.

Upon concluding that there is no public forum, this Court should continue and dismiss the IPRA claim as the lack of a public forum necessarily illustrates the lack of a public record. As the Plaintiff has failed to meet his burden to illustrate plausible claims in his Complaint, any amendment would be futile, the Defendants respectfully request this Court grant Defendant Griffin qualified immunity from suit under one or both of the elements described above and dismiss the IPRA claim for failure to state a plausible claim.

Respectfully Submitted,

NEW MEXICO ASSOCIATION OF COUNTIES

/s/ Brandon Huss
Brandon Huss
David Roman
Mark Drebing
*Attorneys for Defendants*
111 Lomas Blvd., Ste. 424
Albuquerque, New Mexico 87102
(505) 820-8116

I hereby certify that on this 2nd day of July, 2020, I caused a true and correct copy of the foregoing *Reply* to be filed electronically through the CM/ECF system, which caused all counsel of record to be served, as noted on the notice of electronic filing.

/s/ Brandon Huss
Brandon Huss