IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEFF SWANSON,**

    Plaintiff,

v.                                                                                                  No. 1:20-CV-496-KG/GJF

**COUY GRIFFIN,**
Otero County Commissioner in his individual
capacity acting under the color of law, and
**SYLVIA TILLBROOK,** Otero County
Records Custodian,

    Defendants.

### SYLVIA TILLBROOK'S ANSWER TO COMPLAINT TO RECOVER DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS VIOLATIONS OF THE UNITED STATES AND NEW MEXICO CONSTITUTIONS AND FOR VIOLATIONS OF THE NEW MEXICO INSPECTION OF PUBLIC RECORDS ACT

    Defendant Sylvia Tillbrook, by and through counsel of record, MYNATT MARTÍNEZ SPRINGER P.C. (Blaine T. Mynatt and Sara E. Woods) submits the following Answer to Complaint to Recover Damages Due to Deprivation of Civil Rights Violations of the United States and New Mexico Constitutions and for Violations of the New Mexico Inspection of Public Records Act ("Complaint").

### INTRODUCTION/STATEMENT OF THE CASE

    1.    No response is required to the first paragraph of the Complaint; to the extent a response is required, Tillbrook denies the allegations contained therein.

    2.    Tillbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first five sentences of the second paragraph of the Complaint and, therefore, denies the same. Tillbrook admits Mr. Dunn emailed a request for records under the New Mexico Inspection of Public Records Act ("IPRA") on March 29, 2020, and on March

30, 2020, she advised Mr. Dunn via email that additional time was needed to respond to his request. Tillbrook further admits the Otero County Attorney responded to Mr. Dunn's IPRA request via email on April 14, 2020. Tillbrook denies the balance of the allegations contained in the second paragraph of the Complaint.

## PARTIES

3. Tillbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

4. Tillbrook admits the allegations contained in paragraphs 2 and 3 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations contained in paragraphs 4 and 5 of the Complaint reference matters relevant to the claims in state court and have been made superfluous by removal to federal court; to the extent a response is required, Tillbrook denies the allegations contained therein.

## FACTUAL BACKGROUND

6. Tillbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Tillbrook admits Mr. Dunn emailed a request for records under IPRA to her on March 29, 2020, as alleged in paragraph 7 of the Complaint.

8. Tillbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. Tillbrook admits Otero County Attorney Michael Eshleman responded to Mr. Dunn's IPRA request via email on April 14, 2020. Tillbrook denies the balance of the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint do not appear to be made against Tillbrook and she lacks knowledge or information sufficient to form a belief as to the truth of the allegations; to the extent a response is required, Tillbrook denies the allegations contained therein.

11. The allegations contained in paragraph 11 of the Complaint do not appear to be made against Tillbrook and contain legal conclusions to which no response is required; to the extent a response is required, Tillbrook denies the allegations contained therein.

### FIRST CAUSE OF ACTION:
### VIOLATION OF FIRST AMENDMENT RIGHTS BY DEFENDANTS – FIRST AMENDMENT RETALIATION AND VIEWPOINT DISCRIMINATION

12. No response is required to the allegations contained in paragraph 12 of the Complaint; to the extent a response is required, Tillbrook incorporates the answers found in paragraphs 1 through 11 of this Answer.

13. The allegations contained in paragraph 13 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Tillbrook denies the allegations contained therein.

14. The allegations contained in paragraphs 14, 15, and 16 of the Complaint do not appear to be made against Tillbrook; to the extent a response is required, Tillbrook denies the allegations contained therein.

## SECOND CAUSE OF ACTION:
## VIOLATION OF INSPECTION OF PUBLIC RECORDS ACT
## BY DEFENDANT MONTOYA[1]

15. No response is required to the allegations contained in paragraph 17 of the Complaint; to the extent a response is required, Tillbrook incorporates the answers found in paragraphs 1 through 14 of this Answer.

16. Tillbrook denies the allegations contained in paragraphs 18, 19, and 20 of the Complaint.

## PRAYER FOR RELIEF

17. No response is required to the allegations contained in paragraphs A, B, C, D, E, F, G, H, I, J, and K in the Prayer for Relief of the Complaint; to the extent a response is required, Tillbrook denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. All allegations in the Complaint that are not expressly admitted in this Answer are denied.

2. Plaintiff's claims are barred by the doctrine of Sovereign Immunity.

3. Plaintiff's claims are barred by the doctrine of Qualified Immunity.

4. Plaintiff is not entitled to an award of punitive damages against Tillbrook.

5. Plaintiff's claims are barred due to failure to state a claim against Tillbrook.

6. Plaintiff's claims are improperly asserted against Tillbrook.

7. The records requested by Plaintiff were not "public records" used, created, received, maintained or held by or on behalf of Otero County or related to public business.

---

[1] Defendant Tillbrook notes there is no previous reference to or identification of "Defendant Montoya" and is unaware who this party is.

8.  Tillbrook reserves the right to assert additional affirmative defenses as may arise.

WHEREFORE, having fully answered Plaintiff's Complaint, Tillbrook respectfully requests that the Complaint be dismissed with prejudice, judgment be entered in favor of Tillbrook, and for such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

BLAINE T. MYNATT
New Mexico State Bar No. 9471
SARA E. WOODS
New Mexico Bar No. 149555
P.O. Box 2699
Las Cruces, NM  88004
(575) 524-8812-Phone
(575) 524-0726-Fax
btm@mmslawpc.com
sew@mmslawpc.com
*Attorneys for Defendant Sylvia Tillbrook*

**CERTIFICATE OF DELIVERY**

I hereby certify that on **April 1, 2021**, a true and correct copy of the foregoing pleading was delivered through electronic service and via email to:

A. Blair Dunn, Esq.
Western Agriculture, Resource and Business Advocates, LLP
abdunn@ablairdunn-esq.com
*Attorney for Plaintiff*

BLAINE T. MYNATT
SARA E. WOODS