## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

JEFF SWANSON,

    Plaintiff,

v.                                                        Civ. No. 20-496 KG/GJF

COUY GRIFFIN, *Otero County Commissioner in his individual capacity acting under the color of law*, and
SYLVIA TILLBROOK, *Otero County Records Custodian*,

    Defendants.

## INITIAL SCHEDULING ORDER

The above-captioned cause has been assigned to this Court for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court will apply to this lawsuit.

The parties will "meet and confer" no later than **May 18, 2021**, to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 180 days. The parties will cooperate in preparing a "Joint Status Report and Provisional Discovery Plan" ("JSR") which follows the sample JSR available at the Court's website.[1] The blanks for suggested/proposed dates are to be filled in by the parties. Actual dates will be promulgated by order of the court shortly after entry of the JSR. Because Defendants removed this case, Defendants shall file the JSR no later than **May 25, 2021**.

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

---

[1] Please visit the Court's web site at www.nmcourt.fed.us to download the standardized "Joint Status Report and Provisional Discovery Plan" form.

Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted by telephone on **June 1, 2021, at 2:00 PM MDT**. The parties shall call the Court's conference line at (888) 363-4735 and use access code 9873158 to connect to the proceedings.

At the Rule 16 scheduling conference, the parties will be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[2] hearing is needed, initial disclosures, and the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2). We will also discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c). If service on all parties is not complete, plaintiff(s) appearing through counsel or pro se, is (are) responsible for notifying all parties of the content of this Order.

Pre-trial practice in this case shall be in accordance with the foregoing.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　THE HONORABLE GREGORY J. FOURATT
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).