IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JEFF SWANSON,

    Plaintiff

v.                                            Cause No. 2:20-CV-00496 KG/GJF

COUY GRIFFIN, Otero County Commissioner
in his individual capacity arising under the color of
law, and SYLVIA TILBROOK, Otero County
Records Custodian,

    Defendants.


## DEFENDANT COUY GRIFFIN'S UNOPPOSED MOTION TO STAY PROCEEDINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF[1]

**COMES NOW** Couy Griffin, Otero County Commissioner in his Individual Capacity, ("Defendant Griffin") by and through counsel of record Hinkle Shanor LLP (Stephen S. Shanor and Chelsea R. Green) move this Court for an order staying proceedings pending the Tenth Circuit Court of Appeals' review of the District Court's denial of *Defendants' Motion to Dismiss and for Qualified Immunity* [Doc. 6]. As grounds in support of this *Motion to Stay*, Defendant Griffin states as follows:

    1.    On April 21, 2020, Plaintiff filed a *Complaint to Recover Damages due to the Deprivation of Civil Rights Violations of the United States and New Mexico Constitutions and for Violations of the New Mexico Inspection of Public Records Act* ("Complaint") [Doc. 1.2] in the Twelfth Judicial District Court, County of Otero, State of New Mexico against Defendants. On

---

[1] Pursuant to D.N.M.LR-Civ. 7.1, counsel for these Defendant Griffin sought Plaintiff's concurrence and have determined that Plaintiff does not oppose this Motion. Additionally, Defendant Griffin has sought and obtained concurrence of Defendant Tillbrook. This Motion is unopposed.

May 22, 2020, Defendants Couy Griffin and Sylvia Tillbrock file a *Notice of Removal* [Doc.1] removing this case to Federal Court.

2. On May 29, 2020, Defendants Couy Griffin and Sylvia Tillbrock filed a *Motion to Dismiss and for Qualified Immunity* ("Motion to Dismiss") [Doc. 6].

3. With respect to Plaintiff's claims against the Defendant Griffin, the *Motion to Dismiss* raises the argument that he is entitled to the protection of qualified immunity.

4. On March 11, 2021, a Memorandum Opinion and Order [Doc.14] was entered denying the *Defendants' Motion to Dismiss* [Doc. 6].

5. On April 9, 2021, Defendant Griffin filed a *Notice of Appeal* [Doc 18] appealing the denial of the *Motion to Dismiss* [Doc 6] to the Tenth Circuit Court of Appeals.

6. Under Tenth Circuit law, "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,'" including discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (*quoting Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (stating the defense of qualified immunity "protects public officials not only from liability, but from the burdens of discovery and litigation as well."); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (stating "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," such as discovery); *B.T v. Davis*, 557 F.Supp.2d 1262, 1273 (D.N.M. 2007) (same).

7. The Supreme Court, in the context of the district court's resolution of the immunity question, has stated, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow,* 457 U.S. at 818. It is well recognized in this District that "[w]hen a defendant files a motion for qualified immunity; the defendant is entitled to a stay of discovery." *See*

*Benjamins v. Armijo,* CIV 06-0084 WJ/RLP (D.N.M., Puglisi, April 12, 2006) (citing *Jiron v. City of Lakewood,* 392 F.3d 410, 414 (10th Cir. 2004)); *see also. Zamora v. City* of *Belen,* 229 F.R.D. 225, 227-28 (D.N.M. 2005) (holding that all discovery should be stayed until the court ruled on defendant's motion for summary judgment on grounds of absolute and qualified immunity). Moreover, discovery should be stayed for all defendants, not just for the individuals asserting qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (internal quotations and quoted authority omitted) (stating that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery" and that when discovery proceeds against the other parties it is "quite likely" individuals asserting qualified immunity will not be free from the burdens of discovery).

8. Importantly, under Tenth Circuit law, "an interlocutory appeal from an order refusing to dismiss on double jeopardy or qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161 (10th Cir. 2005) (citing *Stewart* and recognizing that a district court is "automatically divested of jurisdiction by an interlocutory appeal from the denial of summary judgment based on qualified immunity where the court [does] not certify the appeal as frivolous or forfeited.").

9. The interests of justice and judicial economy would be best served by staying proceedings and postponing the necessity for discovery until after the Tenth Circuit Court of Appeals has had the opportunity to decide the threshold question of whether Defendant Griffin is protected by the doctrine of qualified immunity.

**WHEREFORE**, Defendant Griffin prays that this Court enter an order directing that the

proceedings and all discovery be stayed until the Tenth Circuit Court of Appeals decides whether he is entitled to qualified immunity, and for such other and further relief as this Court deems just and proper.

**HINKLE SHANOR LLP**

By: */s/ Stephen S. Shanor*
    Stephen S. Shanor
    Chelsea R. Green
    P.O. Box 10
    Roswell, NM 88202-0010
    (575) 622-6510
    (575) 623-9332
    rolson@hinklelawfirm.com
    cgreen@hinklelawfirm.com

Attorneys for Defendant Griffin

**CERTIFICATE OF SERVICE**

I hereby certify that on this April 22, 2021, I caused the foregoing MOTION along with this Certificate of Service, to be served and filed electronically through the CM/ECF File & Serve electronic filing system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**HINKLE SHANOR LLP**

*/s/ Stephen S. Shanor*