IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFF SWANSON,

    Plaintiff,

vs.                                                                                    Civ. No. 20-0496 KG/GJF

COUY GRIFFIN, Otero County
Commissioner, in his individual capacity
acting under the color of law, and
SYLVIA TILLBROOK, Otero County
Records Custodian,

    Defendants.

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte* following dismissal of Plaintiff's claim for First Amendment violations. (Doc. 30).

This case began in the Twelfth Judicial District for the State of New Mexico, cause number D-1215-CV-2020-00373, on April 21, 2020. In the Complaint, Plaintiff brought claims against Defendant Couy Griffin, in his individual capacity under 42 U.S.C. § 1983, for violations of the First Amendment, and against Defendant Sylvia Tillbrook, in her official capacity, for violations of IPRA. (Doc. 1-2).

On May 22, 2020, Defendants removed this case from state to federal court under 28 U.S.C. § 1331, on the basis of federal question jurisdiction. (Doc. 1).

Removal of cases to federal court is governed by statute. When a federal court has "original jurisdiction" over a federal claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). When this matter first

came to federal court, because the IPRA claim shared a factual nexus with Plaintiff's § 1983 claim, the Court had supplemental jurisdiction.

The claim giving rise to federal question jurisdiction has now been dismissed, and only the supplemental state claim remains. "The Supreme Court has instructed that 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.'" *Merrifield v. Bd. of Cnty. Comm'rs for Cnty. of Santa Fe*, 654 F.3d 1073, 1085 (10th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). A district court has the discretion to decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3); *see also Barlow v. C.R. England, Inc.*, 703 F.3d 497, 511 (10th Cir. 2012) (explaining the district court's discretion). The Tenth Circuit has counseled that absent a showing that "the parties have expended a great deal of time and energy on the state law claims . . . a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (citing *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)) (further citation omitted).

This case is still in its preliminary stages. Unless there is cause, the Court is inclined to remand this case to state court. As the party invoking this Court's jurisdiction, the burden is on Defendants to show that it is in the interest of judicial economy, convenience, fairness, and comity that the Court exercise its discretion over the remaining supplemental claims.

Therefore, IT IS ORDERED that not later than April 8, 2022, Defendants shall SHOW CAUSE in writing why this case should not be remanded to the Twelfth Judicial District Court for the State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE